IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAMBERT ADUMEKWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-06-0659 |
| | § | |
| SECURITAS USA INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Lambert Adumekwe sued his former employer, Securitas Security Services, USA, Inc., in February 2006, alleging that he was fired in October 2004 on the basis of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), and in retaliation for a December 2003 EEOC charge. This is the second suit Adumekwe has filed against Securitas. In August 2004, he sued Securitas in Texas state court, alleging that he had been denied promotions because of his race, national origin, and age, in violation of the Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. § 21.051, *et seq*. The parties had entered into an arbitration agreement. In February 2005, they arbitrated the claims that Adumekwe had asserted in the Texas state court. The March 2005 award resulted in a dismissal of all Adumekwe's claims. He then filed another EEOC charge asserting retaliation and this lawsuit alleging retaliation and wrongful termination. Securitas has moved to dismiss on the basis that the arbitration proceeding and award preclude this suit. Adumekwe has failed to respond. Based on a careful review of the pleadings, the motion,

the record, and the applicable law, this court grants the motion to dismiss in part and denies it in part. The reasons are explained below.

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999). Res judicata bars subsequent litigation if four elements are satisfied: (1) the parties must be identical in both actions; (2) the judgment in the prior suit must have been rendered by a court of competent jurisdiction; (3) the prior litigation must have been concluded by a final judgment on the merits; and (4) the same cause or action must be involved in both lawsuits. *Id*. at 934; *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). When all four elements are present, claim preclusion prohibits either litigant from asserting "any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *Shanbaum*, 10 F.3d at 310 (emphasis in original).

Because the prior proceeding was an arbitration, a preliminary question is whether the present claims were arbitrable at the time. The record makes it clear that all but one of Adumekwe's wrongful termination and retaliation employment discrimination claims could and should have been asserted at arbitration. All the claims asserted in the present case are subject to the broad mandatory arbitration clause of the employment contract. To determine whether the claims alleged in the present lawsuit are the "same cause of action" litigated in the arbitration, courts in the Fifth Circuit apply a "transactional test." *Nilsen v. City of Moss Point*, 701 F.2d 556, 560–63 & nn. 4, 5 (1983) (adopting the test from the RESTATEMENT

2

(SECOND) OF JUDGMENTS).  A judgment in a prior litigation extinguishes a plaintiff's rights to a future claim "with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."  *Id*. at 560 & n. 5 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982)). Under the transactional approach, the critical issue is not the identity of relief requested or the name of the claim asserted, but whether the two actions are based on the same nucleus of operative facts.  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).  Whether a factual grouping constitutes a single transaction is to be determined pragmatically, giving weight to such considerations as whether the facts are "related in time, space, origin, or motivation," and whether they form a "convenient trial unit."  *Id*. at 313.

Adumekwe filed his first EEOC charges in December 2003 and April 2004.  He filed his state court lawsuit in August 2004, alleging race, national origin, and age discrimination in his employment with Securitas.  Adumekwe was fired in October 2004.  The arbitration did not occur until February 22, 2005.  Adumekwe's claims of termination based on age and race discrimination and retaliation asserted in this case and the claims of discrimination in the terms and conditions of employment based on age, national origin, and race that he submitted to arbitration proceed from the same nucleus of operative fact.  *See, e.g., Miller v. U.S. Postal Serv.*, 825 F.2d 62 (5th Cir. 1987) (sex discrimination and disability discrimination); *Fleming v. Travenol Lab., Inc.*, 707 F.2d 829 (5th Cir. 1983) (race and sex); *Cieszkowska v. Gray Line New York*, 295 F.3d 204 (2d Cir. 2002) (wrongful discharge/defamation and national origin discrimination); *Swaida v. Gentiva Health Servs.*,

238 F. Supp.2d 325 (D. Mass. 2002) (age and retaliation); *Peda v. Fort Dodge Animal Health, Inc.*, 293 F. Supp.2d 973 (N.D. Iowa 2003) (Title VII and wrongful termination). The same nucleus of operative fact exists among the arbitrated claims and the claims asserted in this case, with one exception. A plaintiff is not barred from bringing a separate suit to remedy conduct that occurred after a prior action. That is true even if the subsequent conduct is "of the same nature and the conduct complained of in the prior lawsuits." *Kilgoar v. Colbert County Bd. of Ed.*, 578 F.2d 1033, 1035 (5th Cir. 1978). Claim preclusion bars all of Adumkwe's claims in this case except the claim that when Adumkwe applied for a new job – which occurred after the arbitration proceeding had ended – Securitas gave him a bad reference in retaliation for his previous complaints.

With respect to all other claims asserted in the present case, the elements of claim preclusion are met. The parties are identical. The preclusive effect of the prior arbitration award is undisputed. The claims for discriminatory and retaliatory termination and withholding of vacation pay could have been raised during the 2005 arbitration proceeding. The arbitration occurred long after Adumkwe's job at Securitas was terminated.

Adumkwe's claims are dismissed, with prejudice, with the sole exception of his claim that Securitas gave him a bad reference in and after April 2005 in retaliation for his prior complaints of discrimination and retaliation.

SIGNED on June 9, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge