**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LAMBERT ADUMEKWE, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-06-0659 |
| § | |
| SECURITAS USA INC., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

Lambert Adumekwe sued his former employer, Securitas Security Services, USA, Inc., in February 2006, alleging that he was fired in October 2004 on the basis of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), and in retaliation for filing an EEOC discrimination charge. This is the second suit Adumekwe has filed against Securitas. In August 2004, he sued Securitas in Texas state court, alleging that he had been denied promotions because of his race, national origin, and age, in violation of the Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. § 21.051, *et seq*. The parties had entered into an arbitration agreement. In February 2005, they arbitrated the claims that Adumekwe had asserted in the Texas state court. The March 2005 award resulted in a dismissal of all Adumekwe's claims. He then filed another EEOC charge asserting retaliation and this lawsuit alleging retaliation and wrongful termination. Securitas moved to dismiss on the basis that the arbitration proceeding and award precluded this suit. This court granted the motion to dismiss Adumekwe's claims with prejudice, with the sole

exception of his claim that Securitas gave him a bad reference in and after April 2005 in retaliation for his prior complaints of discrimination and retaliation. Securitas has now moved for summary judgment as to the remaining retaliation claim. (Docket Entry No. 21). Adumekwe has responded, (Docket Entry No. 23), and Securitas has replied, (Docket Entry No. 22). Based on a careful review of the pleadings, the motion, response, and reply, the parties' submissions, and the applicable law, this court grants Securitas's motion for summary judgment. Final judgment dismissing this case with prejudice is entered by separate order. The reasons for this ruling are stated below.

**I.     Background**

Securitas is a contract security company. Adumekwe worked as a security officer for Securitas from October 24, 2001 until October 19, 2004. Securitas asserted that it fired Adumekwe for refusing several work assignments. (Docket Entry No. 21 at 2). Adumekwe filed EEOC charges against Securitas in December 2003 and April 2004 and a state-court lawsuit in August 2004, alleging race, national origin, and age discrimination. Those claims were arbitrated pursuant to the parties' contract. In March 2005, the arbitrator issued an award that Adumekwe recover nothing. In August 2005, Adumekwe filed a third EEOC discrimination charge, alleging that Securitas retaliated against him because of his prior complaints and lawsuit. Adumekwe alleged that in April 2005, a Securitas employee named David Wiltshire gave him a negative reference when he went to interview for a job at Kellogg, Brown & Root (KBR). Securitas had a contract to provide security at KBR and Wiltshire was working at the security gate when Adumekwe went for his interview.

Adumekwe alleges that Wiltshire told the KBR human resources department not to interview Adumekwe because he had filed a discrimination complaint against Securitas.

In its summary judgment motion, Securitas relies on Adumekwe's deposition testimony. In his deposition, Adumekwe testified that the only person at Securitas who he claimed gave a bad reference was David Wiltshire. (Docket Entry No. 21, Ex. C at 6). Although Adumekwe testified that Securitas gave him a bad reference to every place he applied after he left Securitas, he only testified as to one instance. Adumekwe testified that in April 2005, Work Source, a job location company, sent him to KBR to interview with a woman in its human resources department. When Adumekwe went to KBR, he saw David Wiltshire at the security gate. Adumekwe knew Wiltshire from Securitas; Wiltshire had been Adumekwe's supervisor and had interviewed him for possible jobs at various locations. Adumekwe told Wiltshire that he had been referred for a job at KBR and was supposed to fill out a job application and interview with a woman in the human resources department. Wiltshire told Adumekwe to wait in the guard house. While Adumekwe was waiting, Wiltshire telephoned the woman who was supposed to interview Adumekwe. Although Adumekwe was close to Wiltshire and could hear his side of the conversation, Adumekwe did not hear anything that Wiltshire said except that he mentioned Adumekwe's name. (*Id.* at 47–48). All Adumekwe knows is that after Wiltshire talked for a "long time" on the telephone, Wiltshire said that the person who was supposed to interview Adumekwe did not want to see him. Adumekwe then went to the personnel department, wrote a note to the person he was supposed to talk to, and went back to Work Source. (*Id.* at 52–54). He

returned to KBR a second time and filled out an application, at a different location.  (*Id.* at 65).  Adumekwe did not get that job or other jobs for which he applied at other companies.

Adumekwe assumed that whatever Wiltshire said to the person on the telephone caused her to change her mind and decide that she did not want to talk to Adumekwe about his potential employment at KBR.  Adumekwe did not hear anything that Wiltshire said but assumes that because Wiltshire talked on the telephone for an extended period and the person who was supposed to interview Adumekwe did want to do so, Wiltshire told the person that Adumekwe had "previous tardies with the company," that Wiltshire had interviewed Adumekwe for several positions and did not hire him, and that Adumekwe had filed EEOC charges against Securitas.  (Docket Entry No. 21, Ex. C at 51).  Securitas asserts that as a matter of law, Adumekwe's speculation cannot support an inference that Securitas gave him a negative reference or that there was any causal connection between Adumekwe's prior complaints against Securitas and any adverse employment action.

In his response, Adumekwe does not present or point to evidence to support his allegation that Wiltshire, a Securitas employee working security at the KBR front gate in April 2005 when Adumekwe came for an interview, telephoned the KBR human resources department and told the person scheduled to interview Adumekwe not to do so because he had filed a discrimination charge against Securitas.  Instead, Adumekwe argues that Securitas agreed to pay him a very large settlement amount during the EEOC proceedings.  (Docket Entry No. 23 at 6).  Securitas has denied making an offer in the amount alleged and points out that Adumekwe rejected the offer it did make.  (Docket Entry No. 22 at 1).  Securitas

4

argues that any EEOC settlement discussions are irrelevant to prove liability for the claim under Rule 408 of the Federal Rules of Evidence. (*Id.*).

## II.   The Legal Standards

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir. 1997). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000). The nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See id*. The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Webb v. Cardiothoracic Surgery Assocs.*, 139 F.3d 532, 536 (5th Cir.

1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986).

In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant.  *Anderson*, 477 U.S. at 255; *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002).  "Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 322).

Title VII makes it an unlawful employment practice for an employer to "discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  A *prima facie* showing of retaliation under § 2000e-3(a) requires a plaintiff to allege facts showing: "(1) that she engaged in activity protected by Title VII, (2) that adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action."  *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001) (quoting *Long v.*

*Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)).  "Protected activity" is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII.  *See* 42 U.S.C. § 2000e-3(a); *Evans*, 246 F.3d at 352–53.  In *Burlington Northern & Santa Fe Railway Co.*, 126 S. Ct. 2405 (2006), the Supreme Court held that "[a]n employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace."  126 S. Ct. at 2412.  The causal link required by the third prong of the *prima facie* case does not rise to the level of a "but for" standard.  *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002) (citing *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002)).  "The plaintiff 'need not prove that her protected activity was the sole factor motivating the employer's challenged decision in order to establish the "causal link" element of a prima facie case.'"  *Id*. (quoting *Long*, 88 F.3d at 305 n.4 (citation omitted)).

A *prima facie* case creates a presumption that the employer unlawfully discriminated against the plaintiff.  *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).  The employer must then respond with a legitimate, nondiscriminatory reason for the challenged employment decision.  *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000); *Bauer*, 169 F.3d at 966.  "This burden on the employer is one only of production, not persuasion, involving no credibility assessments."  *Russell*, 235 F.3d at 219; *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993)) ("The defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, 'if

believed by the trier of fact,' would support a finding that unlawful discrimination was not the cause of the employment action."). If the defendant meets its burden, the presumption of discrimination created by the *prima facie* case disappears, and the plaintiff is left with the ultimate burden of proving discrimination. *Hicks*, 509 U.S. at 511–12.

The plaintiff may meet the ultimate burden with evidence tending to show that the reason offered by the defendant is a pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973). Evidence demonstrating the falsity of the defendant's explanation, taken together with the *prima facie* case, is likely to support an inference of discrimination even without further evidence of the defendant's true motive. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48 (2000). The plaintiff can survive summary judgment by producing evidence that creates a jury issue as to the employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory explanation. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896–97 (5th Cir. 2003); *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001). If the plaintiff fails to produce substantial evidence of pretext, or produces evidence permitting only an indisputably tenuous inference of pretext, summary judgment in favor of the defendant is appropriate. *See West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003); *Sandstad*, 309 F.3d at 894.

A plaintiff may raise a fact issue as to pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of credence." *Reeves*, 530 U.S. at 143; *West*, 330 F.3d at 385. An explanation is false or

unworthy of credence if it is not the real reason for the adverse employment action. *See Sandstad*, 309 F.3d at 899. Evidence that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's *prima facie* case, is likely to support an inference of discrimination even without further evidence of defendant's true motive. *Id.* at 897; *Russell*, 235 F.3d at 223. No further evidence of discriminatory animus is required because "once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation." *Reeves*, 530 U.S. at 147–48. The "rare" instances in which a showing of pretext is insufficient to establish discrimination are when the record conclusively reveals some other, nondiscriminatory reason for the employer's decision, or when the plaintiff creates only a weak issue of fact as to whether the employer's reason was untrue, and there was abundant and uncontroverted evidence that no discrimination occurred. *See Russell*, 235 F.3d at 223 (citing *Reeves*, 530 U.S. at 148); *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000).

## III. Analysis

In this case, Adumekwe has presented evidence that he engaged in protected activity by filing EEOC complaints and lawsuit alleging that Securitas had discriminated against him. Adumekwe has not, however, presented evidence that Securitas gave him a negative job reference in April 2005 or that there was a causal connection between his protected activity and his failure to be interviewed or hired at KBR in April 2005. Even though the evidence and inferences must be viewed in the light most favorable to Adumekwe, his claim fails because he does not establish a *prima facie* case on either the second or third prongs of a

Title VII retaliation claim.

The summary judgment record provides no support for Adumekwe's allegations that his former supervisor gave a negative reference or that any alleged negative reference was causally linked to the EEOC charges and prior litigation. Adumekwe's testimony about what he was told by an individual at Work Source regarding the possible job at KBR is inadmissible hearsay. Adumekwe's assertions about alleged settlement discussions are inadmissible as evidence on the merits of the retaliation claim. FED. R. EVID. 408. In the absence of supporting evidence, a belief, no matter how sincere, is not enough to carry a federal lawsuit to trial. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996) ("[U]nsubstantiated assertions are not competent summary judgment evidence."); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."); *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993) ("Unsupported allegations of bad faith will not suffice to enable a party to survive summary judgment."); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991) ("Summary judgment, to be sure, may be appropriate, even in cases where elusive concepts such as motive or intent are at issue . . . if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation."). Accordingly, Securitas's motion for summary judgment is granted.

## III.     Conclusion

Adumekwe's remaining retaliation claim is dismissed with prejudice. Final judgment is entered by separate order.

SIGNED on December 13, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge